IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARGARET DAILEY, JOHN DAILEY,
and KEVIN DAILEY,

      Plaintiffs,

      vs.                                                                                         No. CIV 02-1177 LH/RLP

HILTON HOTELS CORPORATION,
HILTON GARDENS INN, and SUNSTONE
HOTEL PROPERTIES, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Remand and Brief in Support (Docket No. 15), filed October 15, 2002. The Court, having considered the briefs submitted by the parties and otherwise being fully advised, finds that Plaintiffs' motion is **well-taken** and should be **granted.**

In this personal injury case, Plaintiffs sued Defendants in the First Judicial District Court of the State of New Mexico. Margaret and John Dailey, residents of New York, and Kevin Dailey, a resident of New Mexico, alleged that Defendant Hilton Hotels Corporation ("Hilton") was a foreign corporation, that Hilton Garden Inn ("Hilton Garden") was a business name through which Hilton marketed its trade name through franchise relationships in New Mexico, and that Sunstone Hotel Properties, Inc. ("Sunstone") was a foreign corporation with its principal address in Santa Fe, New Mexico. Complaint for Personal Injury, D-0101-CV-2002-01612, filed July 29, 2002, ¶¶1-7.

Defendants removed to federal court under 28 U.S.C. §1441, asserting complete diversity of the parties and an amount in controversy exceeding $10,000, exclusive interest and costs.[1] Complete diversity was based on Plaintiffs' allegation that all Defendants were corporations foreign to New Mexico. Verified Petition for Removal (Docket No. 1), filed September 18, 2002, ¶3.[2]

Plaintiffs moved to remand, asserting vague arguments that Defendants have not acted in good faith, that Defendants did not adopt its allegation that Sunstone had its "principal address" in Santa Fe, New Mexico, and that Defendants' citation of the outdated jurisdictional amount in controversy "calls into question Defendant's [sic] authority and credibility." In response, Defendants supported their prior assertion of complete diversity by attaching the affidavits of executives from Hilton and Sunstone, declaring the states of incorporation and principal places of business for both corporations. Additionally, Defendants argued that each of the three plaintiffs' claims, aggregated with their claims for punitive damages, exceeds the $75,000 amount in controversy requirement, based on Defendants' "good-faith belief that the amount in controversy exceeds $75,000, [and the] ample support [that] has been provided from which it may be inferred that the requisite jurisdictional amount has been established." Response to Motion to Remand (Docket No. 16), filed October 21, 2002, at *7.

---

[1] In their motion to remand, Plaintiffs direct the Court to Defendants' error in citing the jurisdictional amount. Defendants note that they filed an amended petition for removal, as allowed by 28 U.S.C. §1653, which states: "The amount in controversy exceeds $75,000 exclusive of interest and costs." Amended Verified Petition for Removal (Docket No. 14), filed October 11, 2002, ¶6.

[2] Defendants did not address Plaintiffs' allegation that Sunstone has its "principal address" in Santa Fe, New Mexico. Additionally, while Defendants stated that removal was proper because none of the defendants was a citizen of New Mexico, they failed to assert additionally that none of them was a resident or held its principal place of business in the state of New York.

After examining the pleadings and briefs submitted by the parties, the Court concludes that Defendants have failed to establish that the amount in controversy meets the jurisdictional requirements, and therefore the case must be remanded.

**Legal Standard**

When a plaintiff moves to remand a case to state court, the Court must examine whether the defendants' bases for removal were defective. The Court must examine whether jurisdiction exists before proceeding to the merits, and may raise the issue of jurisdiction *sua sponte* where the parties have not raised it themselves. *Shamblin v. City of Colchester*, 793 F.Supp. 831, 833 (C.D. Ill. 1992). Of course, if jurisdiction is lacking, the Court must remand the case. 28 U.S.C. §1447(c).

"As the parties invoking the federal court's jurisdiction..., defendants bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Specifically, defendants are required to put forth evidence of the amount in controversy in order to defeat the "strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court...[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1289-90 (citations omitted).

**Analysis**

Under 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. §1332(a)(1) (diversity of citizenship), "[t]he district

courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States...."

When removing a diversity case, the defendant must prove by at least the preponderance of the evidence that the plaintiff's case exceeds the jurisdictional amount of $75,000. *Id*. at 1290. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Id*. (citing *Laughlin v. KMart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). It is doubtful whether the Court may look even to Defendants' brief or attachments opposing remand. *Id*. at 1291 ("[T]he district court recited and adopted the amounts set out by defendants' briefs in support of jurisdiction...[I]t is arguable, given our holding in *Laughlin*, that they should hot have been considered by the district court."). *Contra Hanna v. Miller*, 163 F.Supp.2d 1302 (D.N.M. 2001).[3]

Plaintiffs did not assign dollar amounts to their injuries in their complaint. Margaret Dailey claims past and future medical expenses, pain and suffering, medical impairment, loss of household services, loss of enjoyment of life as a result of her slip on Defendant's icy parking lot, injuries to her hip and elbow, and subsequent need for hip replacement. John Dailey claims loss of the care, comfort, society, support, and consortium of his wife, upon whom he depended for his transportation and activities of daily living. Kevin Dailey claims the loss of the care, comfort, society, support and consortium of his parents, upon whom his family depended from time to time when Margaret and

---

[3] Defendants cite the case of Hanna v. Miller for the proposition that the Court may consider the substance and nature of the injuries and damages described in the pleadings, including a request for punitive damages, in determining whether the jurisdictional requirement has been met. 163 F.Supp.2d 1302, 1305-06 (D.N.M. 2001). However, not only does the *Hanna* decision have no binding effect on this Court, it sits in direct contravention of the Tenth Circuit's express rulings in *Martin*.

John Dailey visited from New York.  Because the complaint does not establish the amount in controversy on its face, the Court must turn to the notice of removal.  *Martin*, 251 F.3d at 1291.

It is insufficient for a defendant simply to state that the amount in controversy exceeds the jurisdictional amount.  *Id*. (holding that a "mere summary" did not provide the requisite facts lacking in the complaint).  Moreover, in cases with multiple plaintiffs with separate and distinct claims, as here, *each* plaintiff's claim must exceed the jurisdictional amount.  *Leonhardt v. Western Sugar Co.*, 160 F.3d 631, 637 (10th Cir. 1998).  In simply asserting it, without any factual support, Defendants have not demonstrated by at least a preponderance of the evidence that the amount in controversy for Margaret Dailey's claims exceeds $75,000, much less the claims of John and Kevin Dailey.  Because Defendants have failed to demonstrate the jurisdictional requirements under 28 U.S.C. §1332(a), the Court must conclude that it lacks subject matter jurisdiction.  The case must be remanded.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' motion to remand is **granted.**  This case is **remanded** to the First Judicial District Court of the State of New Mexico, Santa Fe County.

_____
**UNITED STATES DISTRICT JUDGE**